**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**KENNETH GANDY, #94933**                                           **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 4:05cv99TSL-AGN**

**JIFFY FULFILLMENT, INC.**                                    **DEFENDANT**

OPINION and ORDER

This cause is before the court, sua sponte, for consideration of dismissal. The plaintiff Kenneth Gandy, an inmate currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this pro se complaint pursuant to 42 U.S.C. § 1983. The named defendant is Jiffy Fulfillment, Inc. of Springfield, New Jersey.

The plaintiff states that he paid the defendant, Jiffy Fulfillment, Inc., $21.49 for magazines that he never received. The plaintiff alleges that he has been defrauded by this defendant and he should be awarded $20,021.49 in damages. In addition the plaintiff requests that this court order the company "shut down."

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

   (A) the allegation of poverty is untrue; or
   (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
              from such relief.

the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. Since the plaintiff was granted in forma pauperis status, the court has reviewed his complaint and amended complaint prior to the service of process and determined that the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendant.

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate

that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).  The court in West concluded that, in order to act under color of state law, the defendant in an § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law.  487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

In the instant complaint, there are no allegations to establish that the defendant is a state actor.  The plaintiff states that Jiffy Fulfillment is a magazine company.  The allegations demonstrate that defendant Jiffy Fulfillment, Inc., is a private entity.  Hence, any deprivation plaintiff allegedly suffered was not "under color of state law."

## Conclusion

As discussed above, the plaintiff's complaints fail to allege the requisite state action.  Consequently, this complaint will be dismissed for the plaintiff's failure to state a claim for which relief may be granted, pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2]  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the   18th   day of August, 2005.

                       /s/ Tom S. Lee
                         UNITED STATES DISTRICT JUDGE